UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JAMES WALSH,

                        Plaintiff,                      **COMPLAINT**

      - against –

ST. CHRISTOPHER'S INN, INC.,
SANDRA LANDSMAN, SANDRA IBERGER,
TYLER WEYANT and MARYON FIELDING,
individually,

                        Defendants.
------------------------------------------------------------------X

      Plaintiff James Walsh (hereinafter referred to as "Walsh" or "Plaintiff"), by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of St. Christopher's Inn, Inc., ("St. Christopher's Inn"), Sandra Landsman ("Landsman"), Sandra Iberger ("Iberger") and Tyler Weyant ("Weyant") (collectively, "Defendants"), alleges the following:

## NATURE OF THE ACTION

1. This is a civil action brought by Plaintiff to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

2. Walsh worked for St. Christopher's Inn as a house manager of its San Damiano Sober House.

3. Throughout Plaintiff's employment, Defendants failed to compensate Plaintiff for overtime hours he worked in excess of 40 hours per week, in violation of the FLSA and NYLL.

4. Plaintiff further brings this action under the Wage Theft Prevention Act for Defendants' failure to provide wage notices and wage statements in violation of NYLL §§195 (1) and (3).

1

5. In addition, Plaintiff brings this action pursuant to New York State Labor Law § 741, challenging Defendants' unlawful retaliation and termination of Plaintiff's employment as a result of his disclosure to his supervisors of activities, practices and policies of his employer that he reasonably believed constituted improper patient care.

6. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages and liquidated damages, compensatory damages, liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337.

8. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

**Plaintiff James Walsh**

10. Plaintiff is an adult individual residing in Putnam County, New York.

11. From May 2018 until February 2023, Plaintiff worked for Defendants.

12. Plaintiff was employed as the House Manager of St. Christopher's Inn's San Damiano House.

13. Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

**Defendant St. Christopher's Inn**

14. On information and belief, St. Christopher's Inn is a New York not-for-profit corporation, having its principal place of business located at 21 Franciscan Way, Garrison, NY 10524.

15. St. Christopher's Inn is a health care employer under NYLL § 740 and 741.

16. At all times relevant to this action, Defendant acted as an "employer" within the meaning of the FLSA § 203 and the NYLL § 190 and § 741.

17. At all times relevant to this action, St. Christopher's Inn was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

18. On information and belief, St. Christopher's Inn had (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales or business done in excess of $500,000.00.

19. St. Christopher's Inn is an institution that is "primarily engaged in the care of the sick" within the meaning of the FLSA § 203(s).

**Defendant Sandra Iberger**

20. Berger is a person engaged in business in Putnam County, who is sued individually in her capacity as an owner, officer and/or agent of St. Christopher's Inn.

21. On information and belief, from August 2019 through July 2020, Berger was the CEO of St. Christopher's Inn.

22. On information and belief, Berger maintained control, oversight and direction over St. Christopher's Inn.

23. Berger exercised sufficient control over St. Christopher's Inn to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto Berger had the

authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at St. Christopher's Inn.

24. Berger had substantial control over Plaintiff's working conditions and the practices alleged herein.

**Defendant Sandra Landsman**

25. Landsman is a person engaged in business in Putnam County, who is sued individually in her capacity as the human resources director of St. Christopher's Inn.

26. On information and belief, Landsman maintained control, oversight and direction over St. Christopher's Inn.

27. Landsman exercised sufficient control over St. Christopher's Inn to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto Landsman had the authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at St. Christopher's Inn.

28. Landsman had substantial control over Plaintiff's working conditions and the practices alleged herein.

**Defendant Tyler Weyant**

29. Weyant is a person engaged in business in Putnam County, who is sued individually in his capacity at St. Christopher's Inn.

30. On information and belief, Weyant was Plaintiff's direct supervisor.

31. Weyant exercised sufficient control over St. Christopher's Inn to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto Landsman had the authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at St. Christopher's Inn.

32. Weyant had substantial control over Plaintiff's working conditions and the practices alleged herein.

**Maryan Fielding**

33. Fielding is a person engaged in business in Putnam County, who is sued individually in her capacity at St. Christopher's Inn.

34. On information and belief, Fielding is in charge of the St. Christopher's Inn compliance office.

35. Fielding exercised sufficient control over St. Christopher's Inn to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto Fielding had the authority to establish employment practices at St. Christopher's Inn.

## STATEMENT OF FACTS

**James Walsh's Employment at St. Christopher's Inn**

36. St. Christopher's Inn is an addiction treatment center in Garrison, NY.

37. Per St. Christopher's website, it offers residential treatment and rehabilitation services to men suffering from alcohol and substance abuse.

38. After St. Christopher's Inn's patients complete a component of treatment, they are given the option to live in the San Damiano House, a sober house, as they continue treatment and integrate back into society.

39. Starting in May 2018, Walsh worked for St. Christopher Inn's as the House Manager of the San Damiano House.

40. As House Manager, Walsh's duties involved overseeing the operations of the house and providing health and medical assistance to residents when needed.

41. In addition to these duties, Defendants required Walsh to sleep at San Damiano House each night he worked from May 2018 to March 2020, where he would remain "on call."

42. The decision to have Plaintiff work additional overtime and stay overnight at St. Christopher was made by both Iberger and Landsman.

43. While on call, Plaintiff's duties included responding to house and resident emergencies, recording and handling incidents of residents breaking curfew, and caring for and providing medical assistance to sick residents.

44. While on call, Plaintiff was not permitted to leave the premises of the San Damiano House.

45. Throughout Plaintiff employment, Plaintiff was not compensated at all for the time he spent "on call."

46. Throughout his employment with Defendants, Plaintiff regularly worked more than 40 hours each week.

47. Defendants did not pay Plaintiff at all for any of the overtime hours he worked in excess of the first 40 hours he was scheduled to work every week.

48. Defendants never provided Plaintiff with a written wage notice setting forth his regular hourly rate of pay and corresponding overtime rate of pay.

49. When Plaintiff was paid by Defendants, Defendants did not provide Plaintiff with a notation or documentation of his hours worked during that pay period or his rate of pay.

50. During Plaintiff's employment, Defendants failed to maintain accurate and sufficient time and pay records.

**Plaintiff James Walsh's Work Schedule and Salary at St. Christopher's Inn**

51. From May 2018 until March 15, 2020, Plaintiff's official schedule as House Manager was to work 40 hours per week.

52. The reality, though, was that Plaintiff worked significantly more than his official schedule.

53. From on or about May 2018 until August 2019 ("Time Period #1"), Walsh was scheduled to work six days a week, Sunday through Friday from approximately 4:30pm to 11:00pm.

54. During Time Period #1, Walsh was additionally required to be "on call" at San Damiano House Sunday through Friday from approximately 11:00pm until 7:00am.

55. From August 2019 until on or about March 17, 2020 ("Time Period #2"), Walsh was scheduled to work five days a week, Monday through Friday from approximately 3:00pm until 11:00pm.

56. During Time Period #2, Walsh was additionally required to be "on call" at San Damiano House Monday through Friday from approximately 11:00pm until 7:00am.

57. On or about March 17, 2020, Walsh informed his employers he could no longer sleep at San Damiano House due to Covid-19, and thus was no longer available to work "on call" hours.

58. On February 26, 2023, Defendants terminated Plaintiff.

59. From May 2018 through December 2018, Plaintiff earned $17.75 per hour for the first 40 hours her worked.

60. From January 2018 through the end of Plaintiff's employment, Plaintiff earned $18.67 per hour for the first 40 hours he worked.

61. From May 2018 through on or about March 17, 2020, Defendants did not pay Plaintiff for the time he was required to be "on call."

**Defendants' Violation of NYLL § 741**

62. On or about February 21, 2022, St. Christopher's Inn held a training session for employees.

7

63. During this session, Plaintiff spoke to a supervisor, Compliance Officer Maryanne Fielding ("Fielding"), about certain safety and patient care protocols.

64. In this meeting, Plaintiff criticized the safety measures taken by his immediate supervisor, Weyant.

65. Specifically, Plaintiff voiced concern about an insufficient number of medical and clinical staff available during the night shift. Plaintiff informed Fielding that the staff to patient ratio was unsafe for both patients and staff, and that it violated procedure.

66. Plaintiff stated to Fielding that he would "complain if left alone in an unsafe environment."

67. Shortly thereafter, on or about February 26, 2023, Plaintiff was informed by HR Director Sandra Landsman along with Fielding that his employment at St. Christopher's Inn was terminated.

68. In this meeting, Plaintiff asked why he was being terminated.

69. Landsman refused to explain to Plaintiff why Defendants had suddenly terminated his employment.

70. Prior to Plaintiff's termination, Plaintiff had never been formally or informally disciplined.

71. Defendants terminated Plaintiff for engaging in protected activity under NYLL § 741.

**Defendants' Violations of the Wage Theft Prevention Act**

72. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

73. Throughout the relevant time period, Defendants paid Plaintiff without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

74. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer and required by NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

**FIRST CAUSE OF ACTION**
**Unpaid Overtime Wages in Violation of the Fair Labor Standards Act**
**Against Defendants St. Christopher's Inn,**
**<u>Sandra Iberger and Sandra Landsman</u>**

75. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

76. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants St. Christopher's, Iberger and Landsman and protect Plaintiff.

77. Defendants St. Christopher's, Iberger and Landsman willfully failed to pay Plaintiff the appropriate overtime premiums for all hours worked in excess of 40 hours per work week, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

78. Defendants St. Christopher's, Iberger and Landsman's unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants St. Christopher's, Iberger and Landsman are aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants St. Christopher's, Iberger and Landsman have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

79. Because Defendants St. Christopher's, Iberger and Landsman's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

80. As a result of Defendants' Defendants St. Christopher's, Iberger and Landsman's willful violations of the FLSA, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorney's fees, costs and compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

**SECOND CAUSE OF ACTION**
**Unpaid Overtime Wages in Violation of New York Labor Law**
**Against Defendants St. Christopher's Inn, Inc.**
**Sandra Iberger and Sandra Landsman**

81. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

82. At all times relevant to this action, Plaintiff was employed by Defendants St. Christopher's, Iberger and Landsman within the meaning of NYLL §652 and 12 NYCRR §142-2.2.

83. Defendants St. Christopher's, Iberger and Landsman failed to pay Plaintiff the overtime premium of one and one-half times the regular hourly rate of pay for all of his overtime hours worked, in violation of the NYLL.

84. Through their knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per work week, Defendants St. Christopher's, Iberger and Landsman have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

85. Due to Defendants St. Christopher's, Iberger and Landsman's willful violations of the NYLL, Plaintiff is entitled to recover from Defendants St. Christopher's, Iberger and

Landsman's their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### Failure to Provide Wage Notices in Violation of New York Labor Law
### Against Defendants St. Christopher's, Sandra Iberger and Sandra Landsman

86. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

87. Defendants St. Christopher's, Iberger and Landsman have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

88. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants St. Christopher's, Iberger and Landsman have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations

89. Due to Defendants St. Christopher's, Iberger and Landsman's willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendants St. Christopher's, Iberger and Landsman failed to provide

Plaintiff with wage notices, or a total of five thousand dollars, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

### FOURTH CAUSE OF ACTION
### Failure to Provide Wage Statements in Violation of New York Labor Law
### Against Defendants St. Christopher's, Sandra Iberger and Sandra Landsman

90. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

91. Defendants St. Christopher's, Iberger and Landsman have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

92. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants St. Christopher's, Iberger and Landsman have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

93. Due to Defendants' St. Christopher's, Iberger and Landsman's willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars for each workday that Defendants St. Christopher's, Iberger and Landsman failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars,

reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## FIFTH CAUSE OF ACTION
### Retaliation in Violation of New York Labor Law §741
### <u>Against Defendants St. Christopher's Inn., Maryan Fielding, Tyler Weyant and Sandra Landsman</u>

94. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

95. As a House Manager, Plaintiff provided health care services under the control and direction of his employer which provides health care services for wages and other renumeration.

96. Defendant St. Christopher's Inn is a corporation which provides health care services in a facility licensed pursuant to Article 28 or 36 of the New York Public Health law.

97. Defendant St. Christopher's Inn is therefore an "employer" within the meaning of New York Labor Law § 741(1).

98. New York Labor Law §741(2) prohibits an employer from taking retaliatory action against an employee who "(a) discloses or threatens to disclose to a supervisor [or] a public body…an activity, policy or practice of the employer or agent that the employee, in good faith, reasonably believes constitutes improper quality of patient care or improper quality of workplace safety; or (b) objects to, or refuses to participate in any activity, policy or practice of the employer or agent that the employee, in good faith, reasonably believes constitutes improper quality of patient care or improper quality of workplace safety."

99. Plaintiff disclosed to his supervisor, Compliance Officer Maryanne Fielding, his objections and concerns for patient safety in light of the improper patient to staff ratios on the night shift.

100. Plaintiff reasonably believed, in good faith, that St. Christopher's Inn's actions constituted "improper quality of patient care," and "improper quality of workplace safety" in that the procedure violated law or regulation which may have presented substantial, specific danger and significant threat to the health of patients, as well as an unsafe workplace environment or risk of employee safety or a significant threat to the health of a specific employee.

101. St. Christopher's Inn's discharge of Plaintiff constitutes retaliatory action taken against Plaintiff.

102. By virtue of its retaliatory action against Plaintiff, Defendant St. Christopher's Inn, Landsman, Weyant and Fielding violated New York Labor Law § 741 and acted in bad faith doing so.

103. By reason of Defendant St. Christopher's Inn's unlawful and improper conduct, Plaintiff has lost past and future wages, benefits and other renumeration, has been deprived of his livelihood, and has otherwise been greatly injured and damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the entry of an order and judgment against Defendants of St. Christopher's Inn, Inc., Sandra Landsman, Sandra Iberger, Maryan Fielding and Tyler Weyant, jointly and severally, as follows:

(a) Damages for the unpaid overtime wages due to Plaintiff, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(b) Damages for the unpaid overtime wages due to Plaintiff, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the NYLL;

(c) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 198;

(d) Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(e) Statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(f) Damages and relief for lost wages, benefits and renumeration, as provided by NYLL § 740;

(g) For pre-judgment and post-judgment interest on the foregoing amounts;

(h) For the costs and disbursements of the action, including attorney's fees; and,

(i) Granting such other and further relief as the Court deems just and proper.

Dated: March 4, 2023
New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

By:  */s/ Jacob Aronauer*
Jacob Aronauer, Esq.
225 Broadway, 3rd Floor
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

*Attorney for Plaintiff*